UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | |
|---|---|
| WANDA EASTRIDGE as Personal Representative of the Estate of William H. Eastridge, deceased,<br><br>      Plaintiff,<br><br>v.<br><br>NORFOLK SOUTHERN RAILWAY COMPANY, Et al.,<br><br>      Defendants. | No. 3:08-CV-78<br>(Phillips) |

## MEMORANDUM OPINION

This lawsuit was filed by William H. Eastridge against his employer, Norfolk Southern Railway Company (NSRC) under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.* Eastridge contended that he developed silicosis as a result of exposure to sand while working for NSRC. Presently before the court is defendant's renewed motion for summary judgment [Doc. 93]. For the reasons which follow, the defendant's motion will be granted and this action dismissed.

### Background

Eastridge worked for NSRC from September 5, 1975 to January 3, 2004. He was initially hired as a brakeman or trainman in 1975. He became a locomotive engineer

on July 2, 1978, and worked most of his career in that position. On November 5, 2007, NSRC filed a motion for summary judgment, which was denied by order of Judge L. Scott Coogler of the United States Court for the Northern District of Alabama, Western Division. Judge Coogler found there existed a genuine issue of material fact whether plaintiff's employment with NSRC played a part in causing his injury. William Eastridge died on September 29, 2008. Wanda Eastridge, as the personal representative of the Estate of William Eastridge has been substituted as the plaintiff. This action was transferred to the Eastern District of Tennessee by order of Judge Coogler on February 15, 2008 [Doc. 72].

NSRC has renewed its motion for summary judgment stating that new evidence developed after the death of William Eastridge establishes that there are no genuine issues of material fact, and that NSRC is entitled to judgment as a matter of law. The new evidence includes the autopsy findings and affidavit testimony based upon an evaluation of pathology materials showing that Eastridge had idiopathic pulmonary fibrosis, an interstitial lung disease with no known cause and which was not related to his former employment with NSRC. Plaintiff has no response to NSRC's renewed motion for summary judgment [Doc. 95].

Analysis

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as

a matter of law." Fed.R.Civ.P. 56(c).  Initially, the burden is on the moving party to conclusively show that no genuine issues of material fact exist.  *Leary v. Daeschner*, 349 F.3d 888, 897 (6th cir. 2003), and the court must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88 (1986).  However, the nonmoving party is not entitled to a trial merely on the basis of allegations, but must come forward with some significant probative evidence to support its claim.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment.  *Id.* at 323.

The court determines whether sufficient evidence has been presented to make the issues of fact a proper jury question; but does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003).  The standard for summary judgment mirrors the standard for directed verdict.  *Anderson*, 477 U.S. at 250.  The court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 251-52.  There must be some probative evidence from which the jury could reasonably find for the nonmoving party.  If the court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on

the evidence presented, it may enter a summary judgment. *Id.; Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The complaint alleges that NSRC violated FELA by failing to provide William Eastridge with a safe place to work; failing to provide him with appropriate safety equipment; and failing to warn him of the dangers of silica exposure. FELA provides a statutory cause of action for railroad employees' injuries. *Norfolk Southern Ry. Co. v. Sorrell*, 549 U.S. 158, 165 (2007). FELA is to be liberally construed. *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 543 (1994). However, the statute "does not make the employer the insurer of the safety of his employees while they are on duty." *Id.*

The Act provides:

> Every common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to this negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51. The basis of an employer's liability under FELA is negligence, not the mere fact that the injury occurred. *See Gottshall*, 512 at 543. The elements of a claim arising under FELA "are determined by reference to common law." *Sorrell*, 549 U.S. at 165. Therefore, in order to prevail in a claim under FELA, the plaintiff must establish the elements of negligence, including duty, breach of duty, foreseeability and causation.

-4-

*Adams v. CSX Transp., Inc.,* 899 F.2d 536 (6th Cir. 1990). When caused by the employment, occupational diseases such as silicosis constitute compensable injuries under FELA; however, plaintiff must establish that defendant's negligence caused his silicosis. *See Urie v. Thompson,* 337 U.S. 163, 181 (1949); *Gottshall*, 512 U.S. at 543.

NSRC contends there is now no dispute that William Eastridge's disease had no relation to his employment with NSRC. NSRC has submitted the autopsy report from Dr. John Neff, pathologist at the University of Tennessee Medical Center, and an affidavit from Dr. John E. Craighead, M.D., who is certified in the areas of Anatomic Pathology and Clinical Pathology. The autopsy report indicates a final anatomic diagnosis of idiopathic pulmonary fibrosis. The autopsy report notes that pathologically there were "no changes of specific occupational-related lung disease." Dr. Craighead, retained expert for NSRC, reviewed the autopsy report and further examined the pathology slides, and concurred with the autopsy report's diagnosis of idiopathic pulmonary fibrosis. Dr. Craighead concluded based on his examination of the pathology specimens that Eastridge did not have silicosis, asbestosis, or any occupational disease. Dr. Craighead explained that Eastridge's disease has no known cause, and that it was not related to his occupation or to any environmental exposure.

Plaintiff has no evidence to rebut the autopsy findings, and conceded in the memorandum brief filed in opposition to defendant's initial motion for summary judgment that:

> As to the issue of causation, Norfolk Southern's initial contention is Eastridge has UIP and does not have either asbestosis or silicosis. **If he has UIP, then nothing associated with his work for Norfolk Southern makes the railroad liable under the FELA. Eastridge must concede that there is no FELA-based liability if he has UIP.**

Plaintiff's Memorandum Brief in Opposition to Defendant's Motion for Summary Judgment [Doc. 65] (emphasis added).

Since the pathological examination of William Eastridge's lungs has conclusively established a diagnosis of idiopathic pulmonary fibrosis (UIP), NSRC did not cause any injury to Eastridge, and there is no material issue of fact whether his disease was related to his employment with NSRC. Accordingly, NSRC is entitled to judgment as a matter of law; NSRC's motion for summary judgment [Doc. 93] will be granted, and this action will be dismissed.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge